UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SUNRISE CONSTRUCTION, INC., )<br>)<br>Defendant. ) | No. 4:05-CV-481 CAS |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on plaintiffs' Motion For a Creditor's Bill in Equity and to Pierce the Corporate Veil (Doc. 14), which seeks to satisfy the judgment plaintiffs have against defendant Sunrise Construction, Inc. from assets of its alleged alter egos: Diverse Construction Group, LLC, Mark D. Lucido, and Judy Gilliland.[1]

Although the plaintiffs' motion is unopposed, an issue exists whether the Court has subject matter jurisdiction over this case under Peacock v. Thomas, 516 U.S. 349 (1996). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction, and to raise the issue of subject matter jurisdiction sua sponte, if necessary. See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990).

Federal courts are courts of limited jurisdiction and only possess the power authorized by the Constitution or statute. See Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). It is well settled

---

[1]The Court notes that Diverse Construction Group, LLC, Mark D. Lucido, and Judy Gilliland have not been joined in this action as defendants, third-party defendants or otherwise.

that federal courts generally possess the power to protect their judgments by setting aside fraudulent conveyances of a judgment debtor.  See Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 694-95 (1950).  The basis for this rule is the principle that a federal court may assert authority over non-federal claims when necessary to give effect to the court's judgment.  See Finley v. United States, 490 U.S. 545, 551 (1989).  A federal court may exercise ancillary enforcement jurisdiction in subsequent proceedings through the exercise of its inherent power to enforce its judgments.  See Peacock, 516 U.S. at 356.

There is a distinction, however, between post-judgment proceedings to collect an existing judgment and proceedings that raise a new substantive theory to establish liability on a party. Peacock held that absent an independent basis for federal jurisdiction, a new defendant may not be joined in a supplementary proceeding to pierce the corporate veil because the federal courts do not possess ancillary jurisdiction over claims where the judgment creditor is attempting to establish liability for the original judgment on a new third party.  See id., 516 U.S. at 356-57.  The Supreme Court in Peacock distinguished between imposing liability in a new case, as in Peacock, and voiding fraudulent transfers in order to give effect to a court's judgment, as in Swift.  Similarly, in H.C. Cook Co. v. Beecher, 217 U.S. 497 (1910), the Supreme Court held that the federal court was without ancillary jurisdiction because the judgment creditor was seeking to make the defendants liable for the judgment already obtained.  See id. at 498-99.

Since Peacock was decided, most courts have drawn "a distinction between post-judgment proceedings to collect an existing judgment and proceedings, such as claims of alter ego liability and veil-piercing, that raise an independent controversy with a new party in an effort to shift liability." Epperson v. Entertainment Express, Inc., 242 F.3d 100, 106 (2d Cir. 2001).  See U.S.I. Properties

Corp. v. M.D. Construction Co., 230 F.3d 489, 497-500 (1st Cir. 2000) (federal ancillary enforcement jurisdiction did not allow enforcement proceedings to establish direct liability on alter ego theory, where no independent basis for jurisdiction existed); Clarinda Color LLC v. BW Acquisition Corp., 2004 WL 2862298, **8-10 (D. Minn. June 14, 2004) (district court had ancillary enforcement jurisdiction over claims to set aside fraudulent conveyances, but not over claims to pierce the corporate veil and hold third parties directly liable for transfer of assets).

Plaintiffs will be given twenty (20) days to file a response to this Order, which shall set forth their argument and citation to legal authority with respect to the existence of subject matter jurisdiction over their motion for a creditor's bill in equity and to pierce the corporate veil against Diverse Construction Group, LLC, Mark D. Lucido, and Judy Gilliland.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs shall file a response to this Order, which shall set forth their argument and citation to legal authority with respect to the existence of subject matter jurisdiction over their motion for a creditor's bill in equity and to pierce the corporate veil, by **December 8, 2008**.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __18th__ day of November, 2008.