UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:05-CV-481 CAS |
| SUNRISE CONSTRUCTION, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed matter under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., is before the Court on plaintiffs' Motion For a Creditor's Bill in Equity and to Pierce the Corporate Veil. Plaintiffs are several ERISA employee benefit plans, the trustees and fiduciaries of those plans, and several unions. Plaintiffs obtained a consent judgment in this action against defendant Sunrise Construction, Inc. for unpaid contributions to these plans. Plaintiffs now seek to satisfy the remainder of their judgment against Sunrise Construction, Inc. from assets of its alleged alter egos: Diverse Construction Group, LLC, Mark D. Lucido, and Judy Gilliland.

The Court asked plaintiffs to provide it with supplemental briefing to address whether the Supreme Court's decision in Peacock v. Thomas, 516 U.S. 349 (1996), affected its jurisdiction to adjudicate this motion. Having carefully considered the issue, the Court concludes that it has supplemental jurisdiction over plaintiffs' claims under 28 U.S.C. § 1367, as the creditor's bill claim is related to and shares a common nucleus of operative fact with the ERISA delinquency suit. Cf. Greater St. Louis Constr. Laborers Welfare Fund v. Mertens Plumbing and Mech. Inc., No. 4:05-CV-2266 CDP, 2007 WL 1306465 (E.D. Mo. May 2, 2007) (district court had supplemental jurisdiction

over creditor's bill claim in subsequent action to collect underlying ERISA judgment, where the subsequent action also included related ERISA claims); Ellis v. All Steel Constr., Inc., 389 F.3d 1031, 1033 (10th Cir. 2004) ("If an alter-ego claim is asserted in conjunction with the underlying federal cause of action, the latter may provide the basis for ancillary jurisdiction over the alter-ego claim, obviating Peacock concerns").

For the following reasons, plaintiffs' motion for a creditor's bill in equity and to pierce the corporate veil will be granted.

**Discussion**.

    **A. Procedural History**.

The plaintiffs are several employee benefit plans, the trustees and fiduciaries of those plans, and several unions. The defendant is Sunrise Construction, Inc., a dissolved Missouri corporation.

On March 24, 2005, plaintiffs filed suit against defendant Sunrise Construction, Inc. in order to collect delinquent contributions, liquidated damages, interest, attorneys' fees, and costs owed pursuant to collective bargaining agreements and under the terms of ERISA, 29 U.S.C. § 1132. On April 27, 2005, this Court entered a consent judgment against defendant Sunrise Construction, Inc. in the amount of $54,336.61 (Doc. 4). The consent judgment provided a payment plan under which defendant Sunrise Construction, Inc. could satisfy the judgment. Defendant Sunrise Construction, Inc. failed to make the required payments, however, causing the entire judgment amount to become due. Pursuant to garnishments, plaintiffs have collected all but $17,565.75 of the judgment.

Plaintiffs have moved for a Creditor's Bill in Equity and to Pierce the Corporate Veil of defendant Sunrise Construction, Inc. in order to satisfy the judgment against its alleged alter egos: a successor entity called Diverse Construction Group, LLC and the principals of both companies,

Mark D. Lucido and Judy Gilliland. Plaintiffs have shown that Diverse Construction Group, LLC, Mark D. Lucido, and Judy Gilliland are the alter egos of defendant Sunrise Construction, Inc. Therefore, plaintiffs are entitled to a creditor's bill in equity to enforce the April 27, 2005 judgment against Diverse Construction Group, LLC, Mark D. Lucido, and Judy Gilliland.

**B. Findings of Fact**.

Sunrise Construction, Inc. was a Missouri corporation that performed contracting services. Mark D. Lucido was the president and sole director of defendant Sunrise Construction, Inc. Judy Gilliland was the secretary of Sunrise Construction, Inc. Sunrise Construction, Inc. was administratively dissolved on August 29, 2006. Initially, plaintiffs had some success in garnishing defendant Sunrise Construction, Inc.'s debtors; however, recent efforts have been futile.

On January 9, 2007, Judy Gilliland organized Pavement Constructors, LLC, which was later renamed Diverse Construction Group, LLC. On April 11, 2008, plaintiffs made a Missouri Sunshine Law request to the Missouri Department of Conservation related to a project performed by Diverse Construction Group, LLC. The documents resulting from the request include a statement from Diverse Construction Group, LLC listing Judy Gilliland as the "Owner" and Mark Lucido as "Operations Manager." The statement also notes: "We recently changed our name from Sunrise Construction to Diverse Construction Group LLC to better reflect the type of work we perform. Same principals."

**C. Conclusions of Law**.

This matter is governed by ERISA, 29 U.S.C. §§ 1132(a)(3)(ii) and 1145, and by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Jurisdiction and venue are proper in this Court.

Under the LMRA, one business entity is the alter ego of another, and therefore is liable for its obligations, if the two are substantially identical in terms of ownership, management, supervision, business purpose, operations, customers, equipment, facilities and employees. See, e.g., Woodline Motor Freight, Inc. v. N.L.R.B., 843 F.2d 285, 288-89 (8th Cir. 1988). Not all of the outlined factors need be identical. Under ERISA, one business entity is the alter ego of another if the two entities exist independently in form only, and those separate forms are used as a subterfuge to defraud, to justify a wrong, or to mislead or discourage pursuit of legal action. See, e.g., Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1055 (8th Cir. 1997).

Federal courts have "the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." H.H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476, 477 (8th Cir.), cert. denied, 510 U.S. 1019 (1993) (citation omitted). The Eighth Circuit has "recognized the availability of the creditor's bill in equity under Missouri law." Id. The creditor's bill in equity is a long-recognized but infrequently used tool to assist creditors who seek "to enforce the payment of debts out of assets that cannot be reached by traditional means of execution on a judgment established in a suit at law." Shockley v. Harry Sander Realty Company, Inc., 771 S.W.2d 922 (Mo. Ct. App. 1989). The creditor's bill has its roots in equity jurisprudence, and remains viable in modern times. Although a creditor's bill can be brought in a separate equitable action, it is appropriate to bring it by motion in the underlying lawsuit where judgment was originally obtained. Fleming Cos., Inc. v. Rich, 978 F. Supp. 1281, 1294 (E.D. Mo. 1997).

4

"A creditor's bill is considered the equitable equivalent of garnishment on execution and is comparable to proceedings supplementary to and in aid of execution." Shockley, 771 S.W.2d at 925 (citing United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1357 (8th Cir. 1979)).

A creditor's bill in equity under Missouri law "enables a judgment creditor to 'trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services.'" H.H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993) (quoting Shockley v. Harry Sander Realty Co., 771 S.W.2d 922, 925 (Mo. Ct. App. 1989)). The Missouri alter ego standard applies to such claims. Id.; see also Mobius Management Sys., Inc. v. West Physician Search, L.L.C., 175 S.W.3d 186, 189 (Mo. Ct. App. 2005).

To pierce the corporate veil under Missouri law and recover from the assets of a corporation's alter ego, a creditor must show that the alter ego has "control" of the entity's finances, policy, and business practices with respect to the transaction at issue. Mobius Management, 175 S.W.3d at 188. The creditor must also show a "breach of duty--that this control was used by the corporation to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or to commit a dishonest and unjust act in contravention of the plaintiff's legal rights" that caused the injury to the plaintiff. Id. at 188-89. In addition, "the corporate veil may be pierced when a corporation is undercapitalized, or when its assets are stripped to avoid creditors. Inadequate capitalization is circumstantial evidence of an improper purpose or reckless disregard for the rights of others." Mobius Management, 175 S.W.3d at 189 (citations omitted).

Missouri law presumes that corporations are separate entities, and courts do not lightly disregard the corporate form to hold one corporation liable for the behavior of another. Mid-

Missouri Tel. Co. v. Alma Tel. Co., 18 S.W.3d 578, 582 (Mo. Ct. App. 2000). Missouri courts will "pierce the corporate veil" and hold a defendant liable for the torts of another corporation under the "instrumentality" or "alter ego" rule if the plaintiff can establish:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> (2) such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Radaszewski by Radaszewski v. Telecom Corp., 981 F.2d 305, 306 (8th Cir. 1992), cert. denied, 508 U.S. 908 (1993); see also Mobius Management, 175 S.W.3d at 189. This standard is almost identical to the standard applied in ERISA cases. See Kansas City Laborers, 104 F.3d at 1055.

In determining whether one corporation exercised control over another to the extent necessary to pierce the corporate veil, this Court looks to a number of factors, including: the ownership and creation of both corporations, the management of the corporations, the physical location of corporate offices, and the transfer of assets, contracts, and employees between the corporations. See Operating Engineers Local No. 101 Pension Fund v. K.C. Excavating & Grading, Inc., 2002 WL 1492103, at *6 (W.D. Mo. Mar. 11, 2002); see also H.H. Robertson Co. v. V.S. DiCarlo General Contractors, 789 F. Supp. 998, 1000 (E.D. Mo. 1992); Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp., 885 S.W.2d 771, 774 (Mo. Ct. App. 1994).

In this case, the key occurrence is the formation of Diverse Construction Group, LLC, after the dissolution of Sunrise Construction, Inc. but before Sunrise Construction, Inc. satisfied its debt to plaintiffs. Judy Gilliland and Mark Lucido control the operations and finances of both Diverse Construction Group, LLC and Sunrise Construction, Inc. Judy Gilliland was the secretary and Mark Lucido was the president and director of Sunshine Construction, Inc., while Judy Gilliland is the "Owner" and Mark Lucido is the "Operations Manager" of Diverse Construction Group, LLC. Critically, in their statement to the Missouri Department of Conservation, Mark Lucido and Judy Gilliland admitted that Sunrise Construction, Inc. and Diverse Construction Group, LLC are the same entity and have the same principals.

Sunrise Construction, Inc. had a positive legal duty under the collective bargaining agreement and federal law to make the required contributions to plaintiffs. Mark Lucido and Judy Gilliland abandoned Sunrise Construction, Inc. and started a new company in order to avoid paying Sunrise Construction, Inc.'s creditors. This breach of duty has caused injury to plaintiffs, as their judgment has been rendered uncollectible from Sunrise Construction, Inc.

**D. Conclusion**.

Plaintiffs have shown that Diverse Construction Group, LLC, Mark Lucido, and Judy Gilliland are the alter egos of defendant Sunrise Construction, Inc. Plaintiffs are thus entitled to a creditor's bill in order to satisfy the judgment against Sunrise Construction, Inc. from the assets of its alter egos: Diverse Construction Group, LLC, Mark D. Lucido, and Judy Gilliland. Therefore, a judgment of $17,565.75 shall be entered against Diverse Construction Group, LLC, Mark D. Lucido, and Judy Gilliland, jointly and severally.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil is **GRANTED**. [Doc. 14]

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of January, 2009.